**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-4466**

———————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

    v.

ANDYSHEH AYATOLLAHI, a/k/a Andy,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, District Judge.  (2:10-cr-00015-RAJ-FBS-1)

———————

Submitted:  January 17, 2017      Decided:  January 20, 2017

———————

Before GREGORY, Chief Judge, and KING and DIAZ, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Joseph Ryland Winston, LAW OFFICES OF JOSEPH R. WINSTON, Richmond, Virginia, for Appellant. Alan Mark Salsbury, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In accordance with a written plea agreement, Andysheh Ayatollahi pled guilty to conspiracy to commit financial institution fraud, 18 U.S.C. § 1349 (2012), and making and subscribing a false tax return, 26 U.S.C. § 7206(1) (2012). He was sentenced to 74 months in prison. Ayatollahi now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that there are no meritorious grounds for appeal. Ayatollahi was advised of his right to file a pro se brief but has not filed such a brief. The United States moves to dismiss the appeal based upon a waiver-of-appellate-rights provision in the plea agreement. Ayatollahi has responded to the motion. We grant the motion to dismiss the appeal.

I

We review de novo the validity of an appeal waiver. United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). Where the Government seeks to enforce an appeal waiver and did not breach its obligations under the plea agreement, we will enforce the waiver if the record establishes that (1) the defendant knowingly and intelligently waived his right to appeal, and (2) the issues raised on appeal fall within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005).

2

A

To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). Other factors to be considered are whether the waiver language in the plea agreement was "unambiguous" and "plainly embodied," and whether the district court fully questioned the defendant during the Fed. R. Crim. P. 11 colloquy regarding the waiver of his right to appeal. Id. at 400-401; see United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.3d 165, 167-68 (4th Cir. 1991). Generally, if the district court specifically questioned the defendant regarding the waiver during the colloquy or the record otherwise indicates that the defendant understood the full significance of the waiver, the waiver is valid. Johnson, 410 F.3d at 151.

Ayatollahi's plea agreement provided in relevant part:

The defendant . . . understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum . . . (or the manner in which that sentence was determined) . . . on any ground whatsoever, in exchange for the concessions made by the United States. . . .

3

In signing the agreement, Ayatollahi acknowledged:

> I have consulted with my attorney and fully understand all rights with respect to the pending indictment. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

At the Rule 11 hearing, Ayatollahi advised the court that he was 36, had a high school diploma, and was not under the influence of any medication. He stated that he was pleading guilty freely and voluntarily and that the factual basis offered in support of the plea was accurate. He was "entirely satisfied" with his attorney's services. He had read the plea agreement, which he understood, and had discussed it with his attorney. The court reviewed the terms of the appellate waiver with Ayatollahi, who said that he understood it. Our review of the hearing transcript discloses that the court fully complied with Rule 11.

We conclude that, under the totality of the circumstances, Ayatollahi knowingly and voluntarily waived his right to appeal both his convictions and sentence.

B

Under _Blick_, the next question is whether the issues Ayatollahi seeks to raise on appeal fall within the scope of the waiver. We conclude that they do. The only issues raised in

4

the _Anders_ brief are whether the district court correctly accepted the guilty plea and whether the sentence is valid. Those issues are clearly encompassed by the waiver. We therefore hold that Ayatollahi validly waived his right to challenge his convictions and sentence.

## II

Pursuant to _Anders_, we have reviewed the entire record and have found no meritorious issues for appeal. Accordingly, we grant the motion to dismiss the appeal. This court requires that counsel inform Ayatollahi, in writing, of the right to petition the Supreme Court of the United States for further review. If Ayatollahi requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ayatollahi. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

5